## BOLOGNA et al. v. STOVALL.

### No. 2058.

Court of Appeal of Louisiana. First Circuit.

Dec. 20, 1939.

Harris Gagne and Elton A. Darsey, both of Houma, for appellant.

Lottinger & O'Neal, of Houma, for appellees.

LE BLANC, Judge.

Plaintiffs, partners conducting a wholesale liquor business in the City of New Orleans sue the defendant for an alleged amount owing on an account for goods and merchandise sold and delivered to him between September 24, 1937, and April 22, 1938. The account is made up of a number of invoices totalling the sum of $840.02 on which defendant is allowed credits aggregating $611.25, the balance being the sum of $288.77, the amount herein sued for.

In their petition plaintiffs annex the account sued on which appears as being made up of nineteen differently numbered and itemized invoices, all of the nineteen in-

voices as well as the account being attached and made part of the petition as though fully set out therein. In addition there is a charge of $18 for a check which had been given them by the defendant but which had not been paid. These invoices and the check charged make up the total amount of the account.

For answer the defendant admits having made purchases from plaintiffs during the period between September 30, 1937 and May 27, 1938, represented by thirteen certain enumerated invoices of specified amounts each, all listed in his answer, and "for all of which respondent pleads payment in full.".

It is noted from the number of invoices set out in both the petition and the answer that there are six declared on by the plaintiffs which are not included in those, payment of which is pleaded in full by the defendant. There was considerable testimony adduced to show payments by defendant, according to certain receipts held by him, of other items or invoices which he contended had settled his account in full, but in passing on the case, the trial judge restricted the proof to the special invoices declared on by the plaintiffs and those which the defendant pleaded as having been paid in his answer, and accordingly held the defendant liable to the plaintiffs in the sum of $203.95, for which amount, he rendered judgment in favor of the plaintiffs. The defendant appealed and plaintiffs have answered asking for an increase in the amount of the judgment and for a ten per cent penalty as for frivolous appeal.

In analyzing the testimony we find, as did the district judge, that the six invoices declared on by plaintiffs and which the defendant did not plead in payment covered goods and merchandise actually sold and delivered by the plaintiffs. They bear the defendant's signature which he admits would indicate delivery of the merchandise listed therein. Three of these which plaintiffs declared on however are shown to have been paid by receipts held by the defendant. Therefore, with regard to these six certain invoices it appears that defendant has not paid three of them which aggregate the sum of $95.26.

Directing our attention now to the thirteen enumerated invoices corresponding to thirteen of the nineteen declared on by the plaintiffs, and of which defendant pleads payment in full, there was no testimony adduced to indicate payment of three of them amounting to $108.69. The total amount of the six invoices which the evidence shows have not been paid is the sum of $203.95, the amount of the judgment as decreed by the district court. It goes without saying that the defendant having made the special plea of payment, the burden of proof was on him and as he did not sustain that burden, the judgment of the district court is correct.

The court, we believe, also properly disallowed the charge of $18 for a check given to the plaintiffs by the defendant which is returned unpaid with the notation "N. S. F." There was no testimony to connect it with any of the invoices sued on. We understand counsel for plaintiffs concede that that amount was properly disallowed.

Counsel for defendant still contends that his client, by reason of the receipts which he holds from plaintiffs, has overpaid his account. In order to follow counsel through this contention it would be necessary to treat the suit as an action for an accounting between the parties which clearly it is not. We deem it proper to state that counsel presently representing the defendant is not the one who filed pleadings on his behalf and who tried the case in the lower court.

The case is not one which calls for the infliction of the penalty for frivolous appeal and damages of that nature, asked for by the plaintiffs, are hereby denied.

Judgment affirmed; appellant to pay the costs of appeal.